## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

CARLOS ALBERTO LAZO-PORTILLO,
Individually and as Parent and Next Friend
of AUBREY LAZO, a minor
9450 Brett Lane
Columbia, MD 21045

      Plaintiff,

v.

UNITED STATES OF AMERICA,
SERVE:
William Barr
Attorney General of the United States of America
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, DC  20530-0001

    and

SERVE:
Robert K. Hur
United States Attorney for the
District of Maryland
36 South Charles Street
Baltimore, MD  21201

      Defendant.

Civil Action No.:_____

## COMPLAINT

COMES NOW the Plaintiff, CARLOS ALBERTO LAZO-PORTILLO, Individually and as Parent and Next Friend of AUBREY LAZO, a minor, by and through counsel, Steven B. Vinick and the law offices of Joseph, Greenwald, & Laake, P.A., and sues the Defendant, UNITED STATES OF AMERICA, and for cause states as follows:

## PARTIES

1.  Plaintiff CARLOS ALBERTO LAZO-PORTILLO is an adult citizen of the United States residing at 9450 Brett Lane, Columbia, Maryland 21045.

2.  The minor Plaintiff, AUBREY LAZO, is the female child of CARLOS ALBERTO LAZO-PORTILLO. AUBREY LAZO, is a citizen of the United States and she resides with her father at 9450 Brett Lane, Columbia, Maryland 21045.

3.  Defendant is the UNITED STATES OF AMERICA.

## JURISDICTION AND VENUE

4.  This Federal District Court has jurisdiction of this cause because this action is brought pursuant to and in compliance with 28 U.S.C. §§ 1346(b), 2671-2680 et seq., commonly known as the "Federal Tort Claims Act," which vests exclusive subject matter jurisdiction of Federal Tort Claims litigation in the Federal District Court.

5.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(e), as the United States is the Defendant and the events or omissions giving rise to the claim occurred in this district.

## JURISDICTIONAL PREREQUISITES

6.  Plaintiff pleads pursuant to 28 U.S.C. §§ 2672 and 2675(a) that the claims set forth herein were filed with and presented administratively to Defendant's agency, the United States Immigration and Customs Enforcement Agency (hereinafter referred to as "ICE", on August 17, 2017, specifically to the Office of General Counsel/Office of the Principal Legal Advisor, District Court Litigation Division – New FTCA Claim at U.S. Immigration and Customs Enforcement, 512th Street, S.W., Mail Stop 5900, Washington, Dc 20024. More than six (6) months have passed without ICE making a final disposition of the Plaintiff's claims.

Accordingly, Plaintiff has complied with all jurisdictional prerequisites and conditions precedent to commencement and prosecution of this litigation.

## LIABILITY OF THE UNITED STATES OF AMERICA

7. Liability of the UNITED STATES OF AMERICA is predicated specifically on 28 U.S.C. §§ 1346(b)(a) and 2674 because the personal injuries and resulting damages of which complaint is made, were proximately caused by the negligence, wrongful acts and/or omissions of an employee of the United States of America while acting within the scope of his employment, under circumstances where the UNITED STATES OF AMERICA, if a private person, would be liable to the Plaintiff in the same manner and to the same extent as a private individual under the law of the State of Maryland.

## ICE IS AN AGENCY OF THE UNITED STATES OF AMERICA

8. ICE is an agency of the UNITED STATES OF AMERICA. The UNITED STATES OF AMERICA, Defendant herein, through its agency, ICE, at all times relevant hereto, employed agents, servants and or employees to perform its functions.

## EMPLOYMENT AND COURSE AND SCOPE

9. At all times material hereto, Jared Douglas Clelan was an agent, servant and/or employee of ICE who, at all times relevant to this claim, was acting within the course and scope of his employment.

## COUNT I
### Negligence – Carlos Alberto Lazo-Portillo v. USA

10. On September 17, 2015 at approximately 4:30 p.m., Plaintiff CARLOS ALBERTO LAZO-PORTILLO was operating his motor vehicle on Old Annapolis Road in Howard County, Maryland in stop and go traffic. At all times relevant hereto, the Plaintiff was exercising due care and caution.

11. At the aforesaid time and place, Jared Douglas Clelan, in his official capacity as an agent, servant and/or employee of ICE, was operating a 2007 Dodge Charger owned by ICE and was travelling on Old Annapolis Road in Howard County, Maryland directly behind the Plaintiff's vehicle. All of the acts and omissions of Jared Douglas Clelan as described herein were committed within the scope of his employment with ICE in that he committed them while on duty and in furtherance of ICE's interests.

12. It was the duty of Jared Douglas Clelan to operate the motor vehicle he was driving free from negligence, with due care and regard for the safety of other motorists and vehicles on the roadway. Notwithstanding said duties, Jared Douglas Clelan failed to pay full time and attention to his driving, thereby causing a collision between his vehicle and the rear of Plaintiff's vehicle.

13. Jared Douglas Clelan was negligent in the operation of said vehicle in that he failed to drive in a safe, reasonable, prudent and proper manner and in that, in addition, he negligently violated his statutory and common law duties then and there in full force and effect by: failing to pay full time and attention to his driving; failing to keep a proper lookout; failing to keep proper control of the vehicle he was operating; failing to avoid or attempt to avoid a collision with Plaintiff's vehicle; failing to follow other rules and regulations pertaining to the operation of motor vehicles in the State of Maryland; as well as committing other acts of negligence.

14. It is alleged that the UNITED STATES OF AMERICA is liable for the negligence of Jared Douglas Clelan under the principle of *respondeat superior*.

15. As a direct and proximate result of the aforesaid acts of negligence, as well as other acts of negligence on the part of Jared Douglas Clelan, Plaintiff CARLOS ALBERTO

LAZO-PORTILLO was seriously, painfully and permanently injured and caused to undergo extensive medical treatment for the care of said injuries; caused to lose considerable time and wages from work; all of which caused the Plaintiff great pain and physical suffering, mental anguish, and disability, all to his detriment.

16. Plaintiff also alleges that he will continue in the future to incur medical expenses in connection with said injuries and will in the future suffer loss of income and other pecuniary loss. In addition, the Plaintiff will continue to endure great pain and physical suffering, mental anguish and other damages.

17. Plaintiff also alleges that he incurred property damage to his vehicle as a result of the negligence of Jared Douglas Clelan.

18. Plaintiff CARLOS ALBERTO LAZO-PORTILLO further alleges that all damages, injuries, and losses - past, present and prospective - were caused solely by the negligent acts of Jared Douglas Clelan, as the agent, servant and/or employee of Defendant UNITED STATES OF AMERICA, without any negligence or want of due care on the part of the Plaintiff.

### COUNT II
### Negligence – Carlos Alberto Lazo-Portillo, as Parent and Next Friend of Aubrey Lazo, a minor v. USA

19. Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1 through 18 of this Complaint with the same effect as if herein fully set forth.

20. At the time of the automobile collision described in Count I, the minor Plaintiff, Aubrey Lazo, was a passenger in the back seat Plaintiff Carlos Alberto Lazo-Portillo's vehicle.

21. As a direct and proximate result of the aforesaid acts of negligence on the part of Jared Douglas Clelan, the minor Plaintiff AUBREY LAZO was seriously, painfully and

permanently injured and caused to undergo extensive medical treatment for the care of said injuries; all of which caused the Plaintiff great pain and physical suffering, mental anguish, and disability, all to her detriment.

22. Plaintiff also alleges that the minor Plaintiff will continue in the future to incur medical expenses and other pecuniary losses in connection with said injuries. In addition, the minor Plaintiff will continue to endure great pain and physical suffering, mental anguish and other damages.

23. Plaintiff further alleges that all of the minor Plaintiff's damages, injuries, and losses - past, present and prospective - were caused solely by the negligent acts of Jared Douglas Clelan, as the agent, servant and/or employee of Defendant UNITED STATES OF AMERICA, without any negligence or want of due care on the part of the Plaintiff.

WHEREFORE, the Plaintiff, CARLOS ALBERTO LAZO-PORTILLO, Individually and as Parent and Next Friend of AUBREY LAZO, a minor, demands judgment against the Defendant, UNITED STATES OF AMERICA, in the amount of One Million Dollars ($1,000,000.00) in compensatory damages, plus interest and costs, as well as such further and additional relief as the nature of the case may require and which this Honorable Court may deem just and proper.

Respectfully submitted,

JOSEPH, GREENWALD & LAAKE, P.A.

/s/ Steven B. Vinick
Steven B. Vinick, Bar No.: 10813
svinick@jgllaw.com
6404 Ivy Lane, Suite 400
Greenbelt, Maryland 20770
(301) 220-2200 (Telephone)
(301) 220-1214 (Facsimile)
*Counsel for Plaintiff*